**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

June 17, 2020

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** **United States v. John Dupont**
19 Cr. 444 (RMB)

> Government to respond by 6/23/2020 with input from Marshal's office and/or BOP.
>
> SO ORDERED:
> Date: 6/18/2020
> *Richard M. Berman*
> Richard M. Berman, U.S.D.J.

Dear Judge Berman:

    I write in regard to the conditions of John Dupont's confinement and request that he be provided the same or similar privileges as if he were at the MCC.[1]

    Mr. Dupont is 81 years old and is currently at a nursing home facility in the custody of the U.S. Marshals Service. I respectfully request that Mr. Dupont be provided phone and mail privileges to the same extent as would be allowed if he were at the MCC. Mr. Dupont currently is not allowed to call approved family members upon his request. (*See* Exhibit A, email correspondence with U.S. Marshals.) Instead, family calls must be submitted by *defense counsel* to the U.S. Marshals in advance. Mr. Dupont also cannot receive any legal or personal mail at the medical facility. (*See id.*) These conditions unduly restrict Mr. Dupont's right to communicate with family, and impose burdens on legal counsel that are unjustified. Were Mr. Dupont housed at the MCC, he would be able to call his approved family members and receive mail at the facility without requiring intervention by defense counsel.

    I also request that Mr. Dupont be allowed to receive and keep reading materials and basic personal items, including stationary (a pen, paper, envelopes, and stamps). Stationary items would permit Mr. Dupont to write notes and/or letters about his case to aid legal counsel in case preparations, and communicate with family members via mail. This is especially critical because at this time, counsel cannot physically meet with Mr. Dupont to discuss his case.

---

[1] In *United States v. Gargan*, 18 CR. 723 (PGG), District Judge Paul G. Gardephe ordered the Marshals to provide a defendant at the hospital with phone and other privileges similar to what is allowed in the MCC or MDC. *See* Exhibit B.

  Individuals detained at the MCC have access to pen, paper, and other supplies through the commissary.[2] Mr. Dupont does not have access to a BOP commissary, and the Marshals have not allowed his legal team to provide him with basic stationery at the hospital or nursing home. In the absence of a BOP commissary, I request that legal counsel be permitted to provide basic personal items to Mr. Dupont, such as those listed on the MCC's general population commissary list. Inmates at the MCC would also be permitted to receive reading materials like books and magazines (directly from the publisher/distributor). I ask that this same privilege be extended to Mr. Dupont while he is in the nursing home.

  Lastly, I ask that the U.S. Marshals Service modify the method of physical restraints used on Mr. Dupont. Currently, Mr. Dupont is shackled to his bed twenty-four hours a day while being physically watched by 1-2 U.S. Marshals and/or their proxies. Mr. Dupont is therefore essentially bedridden because of his custody status. I request that the method of monitoring Mr. be adjusted so that Mr. Dupont can stretch, stand, and walk within the confines of his room.

  Mr. Dupont's confinement conditions in the nursing home amount to punitive solitary confinement with no legitimate justification. For the foregoing reasons, I request that Mr. Dupont be granted the relief requested herein.

             Regards,

             /s/ Zawadi Baharanyi
             Assistant Federal Defender
             Attorney for John Dupont
             212-417-8735 (o)
             917-612-2753 (c)

cc:  Alex Rossmiller
    Assistant United States Attorney

---

[2] https://www.bop.gov/locations/institutions/nym/NYM_CommList.pdf

# EXHIBIT A

# RE: Requests Re: John Rinaldo, 95464-012

NYSCrimSec, USMS (USMS) <USMS.NYSCrimSec@usdoj.gov>

Wed 5/27/2020 1:37 PM

To: Zawadi Baharanyi <Zawadi_Baharanyi@fd.org>; NYSCrimSec, USMS (USMS) <USMS.NYSCrimSec@usdoj.gov>;

He is permitted to contact Counsel upon his own request.
Personal calls have to be scheduled through Defense Counsel.
Legal documents can be provided to the client- no personal mail.

**From:** Zawadi Baharanyi [mailto:Zawadi_Baharanyi@fd.org]
**Sent:** Wednesday, May 27, 2020 1:14 PM
**To:** NYSCrimSec, USMS (USMS) <UNYSCrimSec@usms.doj.gov>
**Subject:** Requests Re: John Rinaldo, 95464-012

Good Afternoon,

While Mr. Rinaldo is at the ▮▮▮▮▮▮▮▮ Nursing Home, I request that he be permitted the following:

- Legal Calls to his legal team **upon his own request**, including counsel (Zawadi Baharanyi- 917-612-2753) and Paralegal (Samantha McNicholas- ▮▮▮▮▮▮▮▮).

- Personal Calls to his son, John Rinaldo, jr., **upon his own request**. His son can be reached at ▮▮▮▮▮▮▮▮ (cell); ▮▮▮▮▮▮▮▮ office).

- Legal and personal mail, including reading materials.

- Stationary, e.g. pen, paper, envelopes and stamps.

Please advise on this request as soon as possible.

Thank you,

Zawadi Baharanyi

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

JOHN F. GARGAN,

                Defendant.

**ORDER**

18 Cr. 723 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        It is hereby ORDERED that the U.S. Marshal Service and Kingsbrook Hospital make the following accommodations for the Defendant while he is detained at Kingsbrook Hospital:

1. Defendant will be permitted to speak by telephone with his counsel – lawyers and staff at Federal Defenders of New York – every Monday, Wednesday, and Friday at 10:30 a.m. The door to Defendant's hospital room is to be closed during calls with counsel or in-person conversations with counsel, and no U.S. Marshal or contractor personnel is to be in Defendant's hospital room when he is engaged in conversation with counsel.

2. Twice a week, the U.S. Marshal Service will pick up legal mail for the Defendant addressed to Federal Defenders of New York, and will deliver legal mail to Defendant from Federal Defenders of New York.

3. The Defendant cannot chew food in a normal fashion and is at risk of choking. He cannot eat rice, couscous, mashed potatoes, oatmeal and other foods of a similar texture. As to proteins, he is capable of eating scrambled eggs, beef (not shredded), chicken breast, fish sticks or breaded fish, pork chops. As to cooked vegetables, he can eat steamed spinach, asparagus, broccoli and whole potatoes. The Defendant can also eat soft bread, lasagna and other pastas, pizza, pancakes, waffles, yogurt, ice cream, and protein shakes such as Ensure. As to liquids, the Defendant can consume juices of any sort – except for lemon – Pedialyte and chocolate milk. The U.S. Marshal Service and Kingsbrook Hospital will ensure that the Defendant is provided food consistent with these requirements.

4. The U.S. Marshal Service and Kingsbrook Hospital will ensure that the Defendant receives 2 showers a week.

1

5. The U.S. Marshal Service will maintain pens, pencils, paper, and stamped envelopes addressed to Federal Defenders of New York – all of which are to be provided to the U.S. Marshal Service by Federal Defenders of New York – and will make these materials available to Defendant upon request.

6. Subject to security screening, the U.S. Marshal Service will make available to Defendant books and magazines supplied by Federal Defenders of New York.

7. Subject to security screening, Defendant is to be permitted a change of clothing weekly. The clothing will be supplied by Federal Defenders of New York.

8. Defendant is to be permitted three thirty-minute personal calls per week. These are calls other than to counsel. The door to Defendant's room will remain open during these calls.

9. Defendant is to be permitted a two-hour visit once a week with his domestic partner, Jason Garrett Kimball, during which the door to Defendant's room will remain open.

Dated: New York, New York
November 20, 2019

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge